UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD ALLEN LARSEN, III, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00450-JDL |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT/AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)**

Plaintiff alleges Defendants violated his civil rights during two state court actions, a criminal prosecution and a protection from abuse matter. (Complaint, ECF No. 1; Amended Complaint, ECF No. 5; Supplement to Amended Complaint, ECF No. 15.)[1] Plaintiff has named as defendants the State of Maine, the Commissioner of Maine's Department of Health and Human Services, a police officer, and a private individual.[2]

Plaintiff filed an application to proceed in forma pauperis (Motion, ECF No. 7), which application the Court granted. (Order, ECF No. 10.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint/amended complaint is appropriate. 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff moved to amend his complaint. (Motion, ECF No. 16.) The Court granted Plaintiff's motion, amending the complaint to include the assertions set forth in Plaintiff's motion. (Order, ECF No. 18.)

[2] Plaintiff makes allegations against other individuals not formally listed as defendants, which allegations I address in this recommended decision.

Following a review of Plaintiff's complaint and subsequent filings, I recommend the Court dismiss Plaintiff's complaint/amended complaint.

## FACTUAL BACKGROUND

Plaintiff alleges that he was arrested and evidently charged with a crime in state court and that he is or was a party to a civil protection from abuse action in state court. He maintains that court procedures were not followed, that the criminal matter was not investigated properly, and that his arrest and a search of his property were unlawful.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

A review of Plaintiff's complaint reveals that the Court lacks jurisdiction or cannot exercise jurisdiction over certain claims, that certain named and potential defendants are immune from suit, and that Plaintiff has failed to assert facts to support an actionable claim against other defendants.

### A.     Jurisdiction and Abstention

Plaintiff asserts several challenges to the state court proceedings, including his contention that he was denied a reasonable bail and his right to a fair and speedy trial in a state court criminal matter. The status of Plaintiff's criminal and protection from abuse matters is not apparent from Plaintiff's filings.

To the extent Plaintiff's claims follow a state court conviction, federal courts lack jurisdiction over suits which constitute "thinly veiled and improper attempts to collaterally attack [a] conviction" and "overrule the judgment of [the criminal court]." *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012). The proper avenues for collaterally attacking a

criminal judgment are a direct appeal or pursuant to a habeas corpus petition under 28 U.S.C. § 2255. *See, e.g., Olson v. U.S.*, Civil Action No. 0565 (JR), 2006 WL 3377942, at *1 (D.C.C. Nov. 21, 2006) (collateral attacks on criminal convictions may be resolved only on direct review or through a habeas petition); *see also Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner could not maintain a claim under 42 U.S.C. § 1983 for damages where he alleged that his arrest, trial, and conviction were unconstitutional because an award of damages on such a claim would implicitly invalidate the conviction. Because the plaintiff challenged his conviction, the Supreme Court determined that the plaintiff must first obtain relief from the conviction through state or federal habeas proceedings, or similar proceedings, before seeking a remedy under § 1983. *Id.* at 487. Accordingly, in this case, to the extent Plaintiff's claims are a collateral attack on a criminal judgment, the Court is without jurisdiction to consider Plaintiff's claims.

To the extent the state court criminal proceeding is ongoing, *Younger v. Harris*, 401 U.S. 37 (1971), supports abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an adequate

remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).

The criminal proceeding alleged in Plaintiff's complaint is judicial in nature, implicates important state interests associated with the State's administration of its laws, and affords Plaintiff an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is appropriate.

### B. State of Maine

Plaintiff has joined the State of Maine as a defendant. The State of Maine is immune from suit in this Court under the Eleventh Amendment of the United States Constitution. The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Plaintiff, therefore,

cannot prevail in federal court on federal claims asserted against the State, absent waiver of immunity.[3]

To the extent Plaintiff asserts a claim against the Maine Department of Health and Human Services (DHHS),[4] he is requesting relief against the State of Maine that is also barred in federal court pursuant to the Eleventh Amendment.  Additionally, while a federal district court would have jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies.  *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").  Plaintiff, therefore, cannot proceed on a claim against DHHS.

### C.  Aroostook County Deputy District Attorney

Although Plaintiff does not list Carrie Linthicum, the Aroostook County Deputy District Attorney, as a defendant, Plaintiff alleges that Ms. Linthicum did not conduct a fair and thorough investigation of the criminal charges brought against him and

---

[3] Eleventh Amendment immunity may be waived by a state in some circumstances.  For example, states that participate in certain federal programs through which they accept federal funds may by such conduct waive immunity under the Eleventh Amendment to causes of action expressly authorized by Congress in the context of such programs.  *See*, *e.g.*, *Lebron v. Commonwealth of Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014) (providing as examples the Individuals with Disabilities in Education Act and the Rehabilitation Act).  *See also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.").

[4] Plaintiff claims that DHHS improperly considered prior criminal matters in its investigation of a protection from abuse matter.  (Complaint ¶ D; Motion to Amend ¶ 5.)

"overstep[ed] her legal boundaries and job by helping" two private individuals.  (Amended Complaint at PageID # 11; Complaint at PageID # 1.)

As the United States Supreme Court has explained, prosecutors have wide discretion when deciding whether to initiate a prosecution:

> In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute." *United States v. Goodwin,* 457 U.S. 368, 380, n. 11 (1982); accord, *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 248 (1980). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978).  This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.

*Wayte v. United States*, 470 U.S. 598, 607 (1985).  *See also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts."); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Oyler v. Boles*, 368 U.S. 448, 456 (1962) ("[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation.").  The broad discretion exercised by prosecutors is subject only to a prohibition against "selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'"  *United States v. Batchelder*, 442 U.S. 114, 125 n.9 (1979) (quoting *Oyler*, 368 U.S. at 456).[5]

---

[5] The Supreme Court has noted that "[i]n particular, the decision to prosecute" is subject to equal protection constraints.  *Wayte v. United States*, 470 U.S. 598, 608 (1985) (reviewing district court's dismissal of an indictment on equal protection grounds).  Plaintiff, however, has asserted no facts that would support an equal protection claim.

Plaintiff has failed to assert any facts that would suggest Ms. Linthicum's actions were not within her broad discretion.

Furthermore, a prosecutor is entitled to immunity against civil liability for the decision whether to initiate a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."); *Harrington v. Almy,* 977 F.2d 37, 40 (1st Cir. 1992) ("[T]he interest that prosecutorial immunity is designed to protect— independence in the charging decision—is implicated whether the decision is to initiate a prosecution or decline to do so.").[6]

### C. Defendant Carney

Plaintiff apparently contends that Defendant Carney, a police officer, did not properly investigate the matters that are the subject of criminal charges against Plaintiff. (Complaint ¶ A; Amended Complaint at PageID # 11.)[7] Plaintiff's claim is assessed under the Equal Protection Clause of the Fourteenth Amendment, which prohibits discrimination by state officers. *Bruns v. Mayhew*, 750 F.3d 61, 65 (1st Cir. 2014); *Ayala–Sepulveda v. Mun. of San German*, 671 F.3d 24, 32 (1st Cir. 2012).

---

[6] Plaintiff also makes assertions regarding the rulings of several state court judges. (Amended Complaint at PageID # 11; Supplement at PageID # 28, Motion at PageID # 34.) To the extent Plaintiff attempts to assert a claim against the judges, Plaintiff's claims would be barred by the doctrine of judicial immunity. "Judges have absolute immunity … because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978).

[7] Plaintiff also alleges that a local police officer filed a false report. (Amended Complaint at PageID # 11.) Plaintiff's assertion is conclusory and, therefore, cannot support a claim against the officer. *Ashcroft*, 556 U.S. at 678.

The federal Civil Rights Act, 42 U.S.C. 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ….

"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of 'any rights, privileges, or immunities secured by the Constitution and [federal] laws.'" *Gray v. Cummings*, 917 F.3d 1, 7 (1st Cr. 2019) (alteration in original) (quoting 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Plaintiff's equal protection claim fails because he has not alleged any facts from which one could reasonably infer discriminatory intent on behalf of any of the defendants. *Toledo v. Sanchez*, 454 F.3d 24, 34 (1st Cir. 2006). ("Although there is no heightened pleading standard for civil rights claims, mere conclusory allegations of discrimination unsupported by any facts are insufficient for notice pleading purposes.").

Plaintiff also contends that his Fourth Amendment rights were violated when Defendant Carney "had [his] house searched numerous times without a warrant." (ECF

9

No. 15 at PageID # 29.)  Plaintiff alleges that the warrantless searches were conducted to harass him and that nothing incriminating was found. (*Id.*)

"The Fourth Amendment provides in relevant part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'"  *Collins v. Virginia*, 138 S. Ct. 1663, 1669 (2018).  The Fourth Amendment's protection of personal security is most pronounced when it comes to the home.  *Cf. Florida v. Jardines*, 569 U.S. 1, 6 (2013) ("[W]hen it comes to the Fourth Amendment, the home is first among equals.").

Plaintiff's assertion that Defendant Carney "had [his] house searched numerous times without a warrant" lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  First, Plaintiff does not allege that Defendant Carney personally conducted a search of Plaintiff's house.  Furthermore, a warrantless search does not constitute a constitutional violation in every instance. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2016) (discussing exceptions to the warrant requirement).  Because Plaintiff has merely stated a conclusion, without any facts, he has not asserted an actionable claim.  *Ashcroft,* 556 U.S. at 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

### D.     Defendants Robbins and Lambrew

Plaintiff names Kimberly Robbins as a defendant.  Plaintiff has asserted no facts that would support a claim against her.  Fed. R. Civ. P. 12(b)(6).  To the extent Plaintiff attempts to assert a claim against Defendant Lambrew pursuant to § 1983, the Commissioner of Maine's DHHS, Plaintiff must allege facts that would support a finding

that Defendant Lambrew, through her actions, violated Plaintiff's constitutional rights. Plaintiff has asserted no facts regarding the conduct of Defendant Lambrew. Plaintiff, therefore, has not asserted an actionable claim against Defendant Lambrew.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint/amended complaint pursuant to 28 U.S.C. §§ 1915, I recommend the Court dismiss Plaintiff's complaint/amended complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of April, 2021.